UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BLACK MAGIC, LLC d/b/a BLACK MAGIC CAFE, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC. and TWIN CITY FIRE INSURANCE COMPANY,<br><br>Defendants. | ))))))))))))))) | C/A No.: __2:20-cv-1743-BHH__<br><br>**CLASS ACTION COMPLAINT**<br><br>**(Declaratory Judgment)**<br>**(Breach of Contract)**<br><br>*Jury Trial Demanded* |

**CLASS ACTION COMPLAINT**

Plaintiff Black Magic, LLC d/b/a Black Magic Cafe ("Black Magic"), on behalf of itself and all others similarly situated, brings this action against The Hartford Financial Services Group, Inc. and Twin City Fire Insurance Company (collectively, "Defendants") for a declaratory judgment of rights and obligations and damages under a unique and proprietary commercial property insurance policy issued to Black Magic and thousands of other small business owners around the United States. These policies cover business income and extra expense losses caused by, among other things, civil authority orders aimed at stemming the spread of infectious viruses. The insurance policies at issue in this case do not have the insurance industry's ubiquitous form endorsement excluding virus-related losses; rather, Defendants' policies expressly cover virus-related losses.

Black Magic and similarly situated policy holders have suffered substantial business income losses and related covered expenses due to government orders issued in all fifty states that closed or substantially limited business operations to limit the spread of COVID-19. Nevertheless,

Defendants have systematically denied Black Magic's and similarly situated business owners' first party claims, falsely claiming virus related losses are not covered by the policies. Therefore, Black Magic, on behalf of itself and all others similarly situated, alleges and states as follows:

## PARTIES

1. Black Magic is a South Carolina limited liability company organized under the laws of South Carolina with its principal place of business in Charleston County, South Carolina.

2. Upon information and belief, Defendant The Hartford Financial Services Group, Inc. ("Hartford") is a Delaware corporation. Hartford is not registered as a foreign entity according to the South Carolina Secretary of State's website.

3. Upon information and belief, Defendant Twin City Fire Insurance Company ("Twin City") is an Indiana corporation licensed by the South Carolina Department of Insurance to conduct business in South Carolina.

## JURISDICTION AND VENUE

4. This is an action asserting class action claims for declaratory relief and damages from the breach and anticipatory breach of insurance policies issued by Defendants.

5. This matter is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

6. There is a real, substantial, and justiciable controversy between the parties concerning their relationship with respect to insurance coverage. A declaratory judgment will clarify and settle the parties' legal relations at issue and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the $75,000.00 jurisdictional requisite as further discussed below.

8. This Court also has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. §§ 1332, 1453, 1711–1715). Diversity exists among the Plaintiffs and Defendants, there are more than one hundred members of the putative Class, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). In determining whether the $5 million amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is met, the claims of the putative Class members are aggregated. 28 U.S.C. § 1332(d)(6).

9. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because all claims alleged herein form part of the same case or controversy.

10. This Court has personal jurisdiction over Defendants pursuant to S.C. Code § 36-2-802, because Defendants have an enduring relationship with the state of South Carolina. Defendants have sufficient minimum contacts with the state of South Carolina and/or otherwise intentionally and purposefully availed themselves of the privilege of conducting business in South Carolina by providing products and services to residents of South Carolina and deriving substantial revenue from products and services sold in South Carolina. Accordingly, the exercise of personal jurisdiction over Defendants complies with judicial notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and the Defendants transact business, engaged in misconduct, and may be located in this district.

## FACTUAL ALLEGATIONS

12. Black Magic, on behalf of itself and similarly situated entities, incorporates by reference the preceding paragraphs as if fully set forth herein.

13. Black Magic owns two restaurants located in Charleston, South Carolina, namely 1716 Ashley River Road, Charleston, SC 29407 and 1130 Folly Road, Charleston, SC 29412 (the "Restaurants").

14. Black Magic's income is derived from on-premises food and beverage sales at the Restaurants.

15. On March 17, 2020, South Carolina Governor Henry McMaster issued Executive Order No. 2020-10 incorporated herein by reference. Among other things, Executive Order No. 2020-10 closed food and beverage establishments, including the Restaurants, for on-premises, dine-in service. A series of other federal, state, and local government statutes, regulations, executive orders, ordinances, and other governmental mandates have similarly regulated Black Magic's business. These governmental authorities are collectively referred to herein as the "Orders."

16. The Orders were issued in response to COVID-19, a novel coronavirus brought to the United States by way of travelers from China and Europe. The virus spreads via highly efficient human-to-human respiratory transmission. It can live on surfaces for a prolonged period. Scientists learn more about this virus every day.

17. As of this filing, COVID-19 has infected over one million people in the United States and over sixty thousand people have died. South Carolina has also been impacted with thousands of reported cases. Charleston County, where the Restaurants are located, has the second

highest number of cases in the state. This is due, in part, to Charleston's unique status as a world class tourist destination. COVID-19, simply put, is everywhere.

18. In response to the Orders and the ubiquitous nature of the virus, on March 17, 2020, Black Magic ceased all on-premises, dine-in sales at the Restaurants. Consequently, Black Magic's business income plummeted.

19. Hartford and Twin City issued that certain insurance policy to Black Magic bearing Policy Number 22 SBA AD5441 DV with effective dates of July 16, 2019 to July 16, 2020 (the "Policy"). The Policy is incorporated herein by reference.

20. The Policy is a "Spectrum Business Owner's Policy" written by Hartford. This is a unique and proprietary policy issued by Harford to its various subsidiaries, including, but not limited to, Twin City. Upon information and belief, Twin City is a subsidiary of Hartford.

21. The Policy is an "all risk policy," meaning it provides broad coverage subject to specific exclusions and limitations.

22. The Policy's "Special Property Coverage Form" provides, among other things, coverage for "Business Income" (A.5.o); "Extra Expense" (A.5.p); "Civil Authority" (A.5.q); "Extended Business Income" (A.5.r); and "Business Income from Dependent Properties" (A.5.s).

23. These coverages respond to, among other things, business income losses caused by "direct physical loss." The phrase "direct physical loss" is undefined in the Policy.

24. The Policy **does not** include Form CP-01-40-07-06 ("EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA"). This is the specific form developed by the insurance industry in the wake of the SARS outbreak in the early 2000s.

25. The vast majority of small business commercial property insurance policies contain Form CP-01-40-07-06 or otherwise exclude coverage for virus-related losses. The **absence** of CP-

01-40-07-06 from the Policy is of utmost relevance to this case and distinguishes it from other COVID-19 insurance coverage litigation involving policies containing this form.

26. Far from excluding coverage for virus related losses, **the Policy expressly covers virus-related losses**. Specifically, the Policy contains Form SS-40-93-07-05 ("LIMITED FUNGI, BACTERIA, OR VIRUS COVERAGE"). Upon information and belief, Form SS-40-93-07-05 is unique and proprietary to Hartford and its subsidiaries, including, but not limited to, Twin City.

27. Among other things, Form SS-40-93-07-05 provides coverage, including Business Income coverage, for "[d]irect physical loss or direct physical damage to Covered Property caused by … virus" upon a showing of a "specified cause of loss."

28. On or about March 24, 2020, Black Magic promptly and properly filed a claim with Hartford and Twin City due to business income losses caused by the Orders.

29. On March 31, 2020, Black Magic received a form denial letter incorporated herein by reference. Upon information and belief, this form denial letter was a preordained formality that Defendants decided to send prior to Black Magic even making its claim. The Defendants simply decided that COVID-19 related business income loss claims would not be covered, notwithstanding the nature of the claim and the specific and unique language of the Policy.

30. On April 2, 2020, the undersigned counsel for Black Magic responded to the denial letter, asserting various coverage arguments and highlighting the unique facts and circumstances of this claim. This response letter is incorporated herein by reference.

31. On April 10, 2010, Black Magic received another form denial letter incorporated herein by reference.

32. Upon information and belief, Hartford and Twin City contend there is no coverage under the Policy because the claim does not allege a "direct physical loss."

33. Black Magic disagrees. The term "direct physical loss" is undefined in the Policy and must be liberally construed in favor of coverage and against Harford and Twin City – especially since the Policy is an "all risk" insurance policy. Black Magic takes the position that the Orders and COVID-19 have indeed caused the direct physical loss to Black Magic, the Restaurants, and certain "Dependent Properties." Specifically, Black Magic contends the Orders have caused it to lose access to and use of their commercial business property.

34. Upon further information and belief, Hartford and Twin City contend there has been no "Specified Cause of Loss" for the purposes of Form SS-40-93-07-05.

35. Black Magic disagrees. Black Magic contends the Orders and COVID-19 are "the result of one or more … 'specified cause of loss.'"

36. The definition of "specified cause of loss" includes, among other things, "aircraft or vehicles," "civil commotion," and "falling objects." None of these terms are defined by the Policy. All must be liberally construed in favor of coverage and against Harford and Twin City.

37. COVID-19 arrived in this country and ultimately Charleston, South Carolina via "aircraft or vehicles" from China, Europe, and elsewhere. The Orders were issued in response to virus reaching the shores of the United States and the state of South Carolina. The Orders have also been issued in response to and to prevent "civil commotion." Finally, the virus itself is transmitted by respiratory means, the airborne droplets of which constitute "falling objects."

## CLASS ACTION ALLEGATIONS

38. Black Magic brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and all other businesses and individuals similarly situated pursuant to Rules 23(a) and (b)(3).

39. The NATIONWIDE CLASS is defined as follows:

**All business entities and individuals who:**

**(1) entered into an insurance contract with Defendants that provides business income and extra expense coverage and contains Form SS-40-93-07-05 ("LIMITED FUNGI, BACTERIA, OR VIRUS COVERAGE"); and**

**(2) suffered business income and other losses due to government orders issued in response to COVID-19.**

40. Excluded from the Class are the Defendants, their employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; Class Counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.

41. Black Magic reserves the right to modify, expand, or amend the definition of the proposed Class following the discovery period and before the Court determines whether class certification is appropriate.

## Numerosity

42. This action satisfies the requirements of Fed. R. Civ. P. 23(a)(1). The Defendants sold identical, unique insurance policies to thousands of businesses throughout South Carolina and around the United States.

43. Joinder is not feasible given the number of policies and insureds with identical business income claims all caused by the government orders issued in response to COVID-19.

44. The identity of Class members is readily ascertainable from the records of Defendants and their agents.

45. Black Magic will provide appropriate notice to the certified Class in compliance with Fed. R. Civ. P. 23(c)(2)(A) and/or (B), to be approved by the Court after class certification, or pursuant to court order under Fed. R. Civ. P. 23(d).

**Commonality**

46. This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) because there are questions of law and fact that are common to each Class member. These common questions predominate over any questions affecting Black Magic or any other entity in the Class. The common questions of law and fact include, but are not limited to, the following:

    a. Whether the unique and proprietary insurance policies issued to Black Magic and Class members by Defendants that cover business income and extra expense losses and contain Form SS-40-93-07-05 ("LIMITED FUNGI, BACTERIA, OR VIRUS COVERAGE") provide coverage for business income and other losses brought about due to the governmental orders issued in response to COVID-19.

    b. Whether the governmental orders issued in response to COVID-19 or COVID-19 itself caused "direct physical loss" to Black Magic's and Class members' property insured by Defendants.

    c. Whether the governmental orders issued in response to COVID-19 or COVID-19 itself caused a "specified cause of loss" to Black Magic's and Class members' property insured by Defendants.

    d. Whether Black Magic and Class members have suffered damages.

    e. Whether there is an actual case or controversy between the parties.

**Typicality**

47. This action satisfies the requirements of Fed. R. Civ. P. 23(a)(3) because Defendants issued Black Magic and thousands of other small businesses the same unique and proprietary insurance policy that provides business income and extra expense coverage and contains Form SS-40-93-07-05 ("LIMITED FUNGI, BACTERIA, OR VIRUS COVERAGE").

48. Black Magic and other entities that purchased these specific policies from Defendants have all suffered business income losses caused by government orders issued in response to COVID-19. Defendants have denied or plan to deny such claims all for the same grounds articulated in the denial letters sent to Black Magic discussed above.

49. While not all Class Members are located in South Carolina, each state in the United States has issued a stay at home order and closure of non-essential businesses order similar to the Orders in response to COVID-19. Various local governments have also issued orders and regulations impacting business operations in connection with COVID-19. These orders have caused business income losses for Class members in a similar manner.

50. The determination whether Black Magic's business income claim is covered under the Policy will control whether coverage is afforded to thousands of similarly situated businesses with the identical policy and claim.

### Adequacy of Representation

51. The requirements of Fed. R. Civ. P. 23(a)(4) are satisfied because Black Magic is committed to litigating this action, will fairly and adequately protect the interests of the Class members, and has retained competent and experienced attorneys with decades of experience litigating class action cases generally, and insurance coverage disputes specifically. Black Magic has no interests antagonistic to or in conflict with other Class members.

### Actions Generally Apply to the Class

52. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

### Superiority/Predominance

53. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to Black Magic's claims and the claims of the Class members predominate over questions of law and fact affecting only individual Class members, such that a class action is superior to other methods for the fair and efficient adjudication of this controversy. The issues in

relation to Black Magic's claims are similar to the issues relating to the claims of the other Class members, such that a class action provides a far more efficient vehicle to resolve the claims than a myriad of separate lawsuits.

54. Moreover, the nature of Black Magic's and the Class's claims against Defendants do not lend themselves to piecemeal litigation. The parties' interests – not to mention the judicial system's interests – will be best served by efficiently litigating these common claims and issues under a single, nationwide class action case.

55. Black Magic and the Class members are not the only entities in the United States with business income losses caused by the government orders issued in response to COVID-19 and the virus itself. However, Black Magic and the Class members distinguish themselves from everyone else due to the unique and proprietary nature of the policies issued by the Defendants. Unlike the vast majority of commercial property insurance policies issued to small businesses in the United States, the polices at issue here do not exclude virus related losses – they expressly cover them. That urges for these unique claims to be litigated within the confines of a distinct, nationwide class action, which will eliminate the risk of inconsistent and varying adjudications concerning the subject of this action.

56. Black Magic is unaware of any issue that would pose an obstacle to the management of this action that would preclude its maintenance as a class action. The Court may, on motion of Plaintiffs or on its own determination, certify nationwide and statewide classes for claims sharing common legal questions; utilize the provisions of Fed. R. Civ. P. 23(c)(4) to certify particular claims, issues, or common questions of law or of fact for class-wide adjudication; certify and adjudicate bellwether class claims; and utilize Fed. R. Civ. P. 23(c)(5) to divide any Class into subclasses.

**FOR A FIRST CAUSE OF ACTION**
(Declaratory Judgment)

57. Black Magic, on behalf of itself and similarly situated entities, incorporates by reference the preceding paragraphs as if fully set forth herein.

58. A genuine, actual, and justiciable controversy has now arisen and presently exists between and among the parties to this action concerning the applicable coverage afforded to Black Magic and Class members under the Policy.

59. This action is ripe for a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and as authorized by the Declaratory Judgment Act. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy among them as to whether Black Magic and Class members are entitled to coverage for business income losses.

60. Black Magic respectfully requests this Court declare the relative rights, duties, and obligations of the parties to this action under the Policy.

61. Specifically, Black Magic and the Class are entitled to a judgment declaring and adjudging their business income claims resulting from the government orders issued in response to COVID-19 and the virus itself allege a "direct physical loss" covered by the Policy.

**FOR A SECOND CAUSE OF ACTION**
(Breach of Contract)

62. Black Magic, on behalf of itself and similarly situated entities, incorporates by reference the preceding paragraphs as if fully set forth herein.

63. Black Magic and the Class members entered into insurance contracts with Defendants.

64. Defendants breached these contracts by failing to pay business income and extra expense claims caused by the governmental orders issued in response to COVID-19 and the virus itself – despite the policies expressly providing coverage for virus related losses.

65. These breaches caused Black Magic and the Class members actual, consequential, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Black Magic, on behalf of itself and similarly situated entities, respectfully prays unto the Court as follows:

a. Declaring this action to be a proper class action maintainable pursuant to Rule 23(a) and Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure and declaring Black Magic and their counsel to be representatives of the Class;

b. Entering a declaratory judgment adjudging and declaring the relative rights of the parties concerning the unique and proprietary insurance policies at issue in this case;

c. Awarding Black Magic and the Class actual, consequential, and other available breach of contract damages;

d. Awarding Black Magic and the Class attorneys' fees and costs;

e. Awarding Black Magic and the Class prejudgment interest in an amount allowed by law;

f. For a trial by jury on any triable issues; and

g. For such other and further relief as the Court may deem just and proper.

**[SIGNATURE PAGE TO FOLLOW]**

        Respectfully submitted,

        **McCULLOUGH KHAN, LLC**

        s/Ross A. Appel
        Clayton B. McCullough, Fed. Bar # 7120
        Ross A. Appel, Fed. Bar # 11434
        359 King Street, Suite 200
        Charleston, SC 29401
        (843) 937-0400
        (843) 937-0706 (fax)
        Clay@mklawsc.com
        ross@mklawsc.com

        ATTORNEYS FOR PLAINTIFF

May 4, 2020
Charleston, South Carolina