# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BLACK MAGIC, LLC d/b/a BLACK MAGIC CAFE, on behalf of itself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) C/A NO.: 2:20-cv-1743-BHH |
| vs. | )<br>)<br>) |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC.; HARTFORD FIRE INSURANCE COMPANY; and TWIN CITY FIRE INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THE HARTFORD FINANCIAL SERVICES GROUP, INC.'S AND HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6), Defendants The Hartford Financial Services Group, Inc. ("HFSG") and Hartford Fire Insurance Company ("HFIC") hereby move to dismiss Plaintiff's Amended Class Action Complaint ("FAC") for lack of Article III standing, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted.

## I.  INTRODUCTION

Defendants Hartford Financial Services Group ("HFSG") and Hartford Fire Insurance Company ("HFIC") (collectively the "Non-Writing Defendants") respectfully request that this Court dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).

Black Magic, LLC d/b/a Black Magic Cafe ("Black Magic"), the owner and operator of two restaurants located in Charleston, South Carolina, seeks to recover from its property insurer,

Twin City Fire Insurance Company ("Twin City") for purported losses arising from the COVID-19 pandemic. Black Magic first filed its original Complaint against Twin City and HFSG asserting claims for declaratory judgment and breach of contract. HFSG then moved to dismiss the Complaint under Rule 12(b)(2) and 12(b)(6) on the grounds that HFSG is not a party to the insurance contract and that this Court lacks personal jurisdiction over HFSG. [Dkt. No. 8]. Rather than oppose HFSG's motion, Plaintiff filed its FAC, adding a second improper Defendant, HFIC. [Dkt. No. 11].

The claims against the Non-Writing Defendants fail for the same fundamental reason: neither is a party to the insurance contract at issue. <u>First</u>, Plaintiff lacks Article III standing to sue HFSG and HFIC with respect to this dispute, as it has no injury fairly traceable to them. <u>Second</u>, the Court does not have personal jurisdiction over these companies either. The Non-Writing Defendants are not "at home" in South Carolina so as to permit the exercise of general jurisdiction, nor do they have any connection with South Carolina with respect to this contractual dispute. <u>Third,</u> the Non-Writing Defendants have no contractual obligations under the contract of insurance because they are not parties to the contract. The Non-Writing Defendants cannot breach obligations they do not have.

That Black Magic has brought this case as a putative class action does not save its claims. Plaintiff's claims against the Non-Writing Defendants must stand on their own, independent of any claims that absent class members might possess. HFSG and HFIC cannot have breached contracts to which they were not a party to, and cannot have caused injury to Black Magic.

Accordingly, Black Magic cannot state a claim against either of the Non-Writing Defendants and the claims against the Non-Writing Defendants should be dismissed in their entirety.

## II. FACTS

Black Magic operates two restaurants in Charleston, South Carolina. *See* FAC ¶ 15. Twin City issued Spectrum Business Owner's Policy, No. 22 SBA AD5441 DV, effective 07/16/19 to 07/16/20, to Black Magic, (the "Policy"). *Id.* ¶¶ 26, 31. A true and correct copy of the Policy is attached hereto as Exhibit A. Black Magic alleges it experienced business income losses because of the COVID-19 pandemic and resulting orders of governmental authorities. *See id.* ¶ 25 ("In response to the Orders and the ubiquitous nature of the virus, both in the Restaurants and society writ large, on March 17, 2020, Black Magic ceased all on-premises, dine-in sales at the Restaurants. Consequently, Black Magic's business income plummeted."). It submitted a claim under the policy for such losses, and Twin City denied the claim. *Id.* ¶¶ 48, 49.

With respect to the Non-Writing Defendants, Black Magic alleges that "Twin City is a wholly owned subsidiary of HFIC, which is, in turn, a wholly owned subsidiary of HFSG." *Id.* ¶ 5. It further alleges that HFSG and HFIC are Delaware and Connecticut corporations, respectively. *Id.* ¶¶ 2, 3. The FAC thus recognizes that the three defendants are distinct corporate entities. It nowhere alleges a factual basis by which corporate separateness should be disregarded. Plaintiff concedes that Twin City is listed as the insurer on the Policy's Spectrum Policy Declarations page, *id.* ¶ 31, but points to references to "The Hartford" in the Policy and related letters to support its allegation that it believed "The Hartford" was its insurer. *Id.* ¶¶ 32-37.

The FAC does not contain a single allegation of specific conduct by HFSG or HFIC with respect to Black Magic. The FAC also does not allege the existence of any specific corporate entity known as "The Hartford." It appears that the entire basis for naming HFSG and HFIC as defendants is the fact that these entities have the word "Hartford" in their name.

3

## III. LEGAL STANDARD

Before addressing the merits of an action, the Court must first be assured that it has jurisdiction over the dispute. In this case, Federal Subject Matter Jurisdiction is lacking because the FAC discloses no basis by which Black Magic has Article III standing to sue the Non-Writing Defendants. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (granting motion to dismiss where plaintiff failed to set forth allegations in its complaint sufficient to establish its Article III standing). Plaintiff bears the burden to plead facts showing the existence of Federal Subject Matter Jurisdiction. *Stephens v. Cty. Of Albemarle, VA*, 524 F.3d 485, 491 (4th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The Policy negates Plaintiff's claim to standing with respect to the Non-Writing Defendants.

In order to establish personal jurisdiction over the Defendants, Black Magic must allege facts showing that the requirements of South Carolina's long-arm statute and due process are met. *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 834 (D.S.C. 2015). Accordingly, Black Magic bears the burden of proving the "existence of personal jurisdiction." *Id*. at 835. To meet its burden, Black Magic must allege specific facts that support jurisdiction over HFSG and HFIC. *E.E. by & through Epsey v. Eagle's Nest Found.*, 200 F. Supp. 3d 626, 630 (D.S.C. 2016). It has not done so.

Finally, the Court may dismiss Black Magic's claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "Factual allegations must be enough to rise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, Black Magic's FAC must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

A court may properly consider documents attached to a motion to dismiss without converting the motion into one for summary judgment, as long as the documents are integral to the complaint and their authenticity is not challenged. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). As such, this Court can consider the Policy because it is "explicitly relied on in the complaint" and "integral to" Black Magic's claims. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). All of Black Magic's claims arise out of the Policy, and the FAC incorporates the Policy by reference. *See* FAC ¶ 26. And where the terms of a contract embraced by the FAC contradict the allegations of the FAC, the terms of the contract itself control. *See Rock v. Solar Rating & Certification Corp.*, No. 8:17-CV-3401-DCC-JDA, 2018 WL 3750617, at *5 (D.S.C. July 23, 2018), *report and recommendation adopted*, No. 8:17-CV-3401-DCC, 2018 WL 3745057 (D.S.C. Aug. 7, 2018) (holding arbitration provision in contract valid despite plaintiff's allegation that he did not recall signing the agreement).

## IV. ARGUMENT

The Court should dismiss the claims against the Non-Writing Defendants.

First, Plaintiff lacks Article III standing to sue the Non-Writing Defendants, because Plaintiff has failed to demonstrate the existence of a personal injury fairly traceable to their conduct. Dismissal is required under Fed. R. Civ. P. 12(b)(1).

Second, this Court lacks personal jurisdiction over HFSG and HFIC, as nothing in the FAC demonstrates that they are "at home" in South Carolina, or that they had any case-related

contacts with South Carolina sufficient to support specific jurisdiction.  Dismissal is required under Rule 12(b)(2).

Third, the Non-Writing Defendants have no contractual obligations to Plaintiff, such that Plaintiff has failed to state a claim as to either.  Dismissal is required under Rule 12(b)(6).

## A. Plaintiff Improperly Lumps Distinct Entities Together as "Hartford."

As a preliminary matter, Plaintiff's attempt to make identical allegations against all three defendants, simultaneously, is improper.  Throughout the FAC, Plaintiff claims that it believed it had a contractual relationship with HFSG and HFIC based on references to "The Hartford" in the Policy and its correspondence with the Defendants.  FAC ¶¶ 32-37, 50, 52, 83, 89.  They are, in fact, distinct corporate entities.  FAC ¶¶ 2-5.  Not only are the Non-Writing Defendants not parties to the Policy, the FAC does not contain a single allegation of specific conduct by either HFSG or HFIC with respect to Black Magic.  Plaintiff's imprecise pleading violates the requirements of Fed. R. Civ. P. 8(a).  *See Haynes v. Equifax*, No. CV 6:18-1822-DCC-KFM, 2018 WL 4473384, at *2 (D.S.C. Aug. 21, 2018), *report and recommendation adopted*, No. 6:18-CV-01822-DCC, 2018 WL 4466447 (D.S.C. Sept. 18, 2018) (plaintiff failed to state a claim when the complaint "lumped all three defendants together despite the fact that they are three separate companies"); *Davis v. Equifax Credit Info. Servs., Inc.*, No. 5:11-CV-3086-MBS, 2012 WL 1192050, at *2 (D.S.C. Apr. 10, 2012) (allegations devoid of any individualized facts made it impossible for the defendant to respond adequately).

Black Magic may have believed that the name of its insurer was "The Hartford," but this is both irrelevant and not an allegation about HFIC or HFSG.  Rather, the Policy identifies one proper Defendant to this action: Twin City.  The Policy makes no mention of other corporate entities, and the FAC contains no allegation of improper conduct by HFSG or HFIC.  Thus, while the FAC makes many allegations as to the activities of all three entities, the Policy itself

makes clear that the only entity which issued insurance, and which denied coverage, was Twin City.

B.     **Black Magic Lacks Article III Standing to Pursue Claims Against the Non-Writing Entities.**

Lacking contractual privity with either Non-Writing Defendant, Black Magic lacks Article III standing to sue them.

In *DaimlerChrysler Corp v. Cuno*, 547 U.S. 332 (2006), the Supreme Court observed that its "standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press." *Id.* at 352. "The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984). That Black Magic has chosen to bring this case as a putative class action does not solve the standing problem. As the Supreme Court has held: "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (citation omitted). In other words, "[w]ithout a sufficient allegation of harm to the named plaintiff in particular, plaintiffs cannot meet their burden of establishing standing." *Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011).

Article III standing has three separate requirements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 498–99, 95 (1975) (The "minimum constitutional mandate" is that a

"federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action.") (internal citations omitted); *see also Bilbro v. Haley*, 229 F. Supp. 3d 397, 415 (D.S.C. 2017) (reiterating Article III standing requirements).

Here, Black Magic cannot demonstrate that it has any injury fairly traceable to the conduct of the Non-Writing Defendants: it has no contract with them and has not alleged any other harm attributable to them.[1] The Fourth Circuit has long observed that a plaintiff cannot sue insurers with which it has no contract. *See, e.g., S. States Life Ins. Co. v. Matthews*, 205 F.2d 830, 833 (4th Cir. 1953) (holding no contract of insurance existed after previous policy lapsed and was not renewed, precluding liability for insurer). *See also Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 896 (8th Cir. 2015) (finding no standing for named borrowers because there was no injury traceable to the defendants); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 66 (2d Cir. 2012) (holding plaintiff lacked standing to sue a related title insurer); *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (finding no standing for borrowers in class action for claims against defendants who never held a named plaintiff's loan); *Barry v. St. Paul Fire and Marine*, 555 F. 2d 3, 13 (1st Cir. 1977) (finding no error in district court's grant of summary judgment to insurers where there was no evidence plaintiff bought policy from those insurers); *Dash v. FirstPlus Home Loan Owner Tr. 1996-2*, 248 F. Supp. 2d 489, 503 (M.D.N.C. 2003) ("Absent a contractual relationship with any of Defendants, Plaintiffs cannot possibly show that their

---

[1] *See e.g. Meyer v. McMaster*, 394 F. Supp. 3d 550, 562 (D.S.C. 2019) (plaintiff's injury was not fairly traceable to defendant's action to establish Article III standing); *Covenant Media of S.C., L.L.C. v. City of N. Charleston*, SC, 514 F. Supp. 2d 807, 817 (D.S.C. 2006), *aff'd sub nom. Covenant Media Of SC, LLC v. City Of N. Charleston*, 493 F.3d 421 (4th Cir. 2007) (same).

injuries, such as they have suffered, are traceable to the conduct of any of Defendants, nor can they possibly show that a judicial ruling in their favor would likely redress their injuries.").

The Non-Writing Defendants have no contractual liability to Plaintiff, and the FAC makes no allegations to show that Black Magic sustained an injury fairly traceable to their conduct. Twin City alone issued the policy, and only Twin City could deny coverage.

For this reason, the claims against HFIC and HFSG must be dismissed under Rule 12(b)(1).

**C.      The Court Lacks Personal Jurisdiction Over The Non-Writing Defendants.**

The Court should dismiss the claims against the Non-Writing Defendants because it lacks personal jurisdiction over them.

<u>First</u>, neither HFIC or HFSG is subject to general personal jurisdiction in South Carolina. A corporation is subject to general personal jurisdiction where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "paradigm" forums for general jurisdiction are a corporation's place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137. Only in an "exceptional case" will general jurisdiction be available anywhere else." *Id*. at 139 n.19.

Black Magic cannot satisfy that standard with respect to either of the Non-Writing Defendants. As to HFSG, it is a Delaware corporation with its principal place of business in Connecticut. FAC ¶ 2. The FAC alleges that HFSG is not registered with the South Carolina Secretary of State website and is therefore not authorized to conduct business in South Carolina. FAC ¶ 2. As for HFIC, Black Magic alleges that it is a Connecticut corporation. FAC. ¶ 3. Although the FAC asserts that HFIC is licensed to do business in South Carolina, there are no

9

allegations that HFIC actually does business in South Carolina, much less that its contacts are so "continuous or systematic" that HFIC is "essentially at home" in South Carolina. *Daimler*, 571 U.S. at 138-39. Moreover, Plaintiff does not allege that either of the Non-Writing Defendants has any physical presence in South Carolina.

In short, Plaintiff has not met its burden to show that the Non-Writing Defendants have sufficient contacts with South Carolina such that they would be subject to general personal jurisdiction.

Second, the Non-Writing Defendants are also not subject to specific personal jurisdiction in South Carolina. Specific jurisdiction over a cause of action arising from a defendant's contacts with the state is granted pursuant to South Carolina's long arm statute, S.C. Code Ann. § 36-2-803. South Carolina's long-arm statute has been construed to extend to the outer limits of the due process clause. *See Young v. Jones*, 816 F. Supp. 1070, 1073 (D.S.C. 1992) (citing *Triplett v. R.M. Wade & Co.*, 200 S.E.2d 375, 379 (S.C. 1973)).

The specific jurisdiction inquiry under the due process clause "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. "[T]he relationship [between the suit-related conduct and the forum] must arise out of contacts that the 'defendant *[it]self*' creates with the forum State." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

Here, Black Magic cannot demonstrate a basis for exercising specific personal jurisdiction over either of the Non-Writing Defendants. The FAC does not allege any connection

between HFSG or HFIC with respect to this South Carolina-based dispute. They did not issue this Policy to Black Magic, and they did not deny Black Magic's claim under the Policy.[2] Plaintiffs have not specifically alleged that they have taken any action whatsoever in South Carolina with respect to Black Magic.

The FAC alleges that "Twin City is a wholly owned subsidiary of HFIC, which is, in turn, a wholly owned subsidiary of HFSG." FAC ¶ 5. But it is well-established that a parent company is not subject to personal jurisdiction in a particular forum merely due to its relationship with a subsidiary. *See Gray v. Riso Kagaku Corp.*, 82 F.3d 410 (4th Cir. 1996) ("But the mere fact that Riso Kagaku's subsidiaries do business in South Carolina does not confer personal jurisdiction over Riso Kagaku."); *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 63 (4th Cir. 1993) ("[T]he parent-subsidiary relationship between Akzo and PBI is insufficient to justify the exercise of personal jurisdiction."); *Mt. Hebron Dist. Missionary Baptist Ass'n of AL, Inc. v. Hartford Co.*, No. 3:16-CV-00658-CDL-GMB, 2017 WL 2486092, at *3-4 (M.D. Ala. Mar. 16, 2017), *supplemented*, 2017 WL 4838867 (M.D. Ala. Apr. 3, 2017), *report and recommendation adopted*, 2017 WL 2485228 (M.D. Ala. June 8, 2017) (holding that Sentinel's issuance of a policy that insured property in Alabama did not establish a basis to exercise personal jurisdiction over HFSG in Alabama). Under this controlling precedent, HFIC and

---

[2] Plaintiff alleges that the Policy is a "Spectrum Business Owner's Policy," which is "issued by HFSG, HFIC, and their various subsidiaries, including, but not limited to, Twin City." FAC. ¶ 27. The Non-Writing Defendants do not deny that their subsidiaries, including Twin City, issue the Spectrum Business Owner's Policy to businesses around the country. But this does not change the fact that in this case, Twin City—not HFIC or HFSG—issued the Policy to Black Magic.

HFSG are not subject to personal jurisdiction based on Plaintiff's allegation that they have a parent-subsidiary relationship with Twin City.[3]

Black Magic has thus failed to allege a *prima facie* basis for personal jurisdiction over HFIC and HFSG. *See Sonoco Prods. Co. v. ACE INA Ins.*, 877 F. Supp. 2d 398, 410 (D.S.C. 2012) (plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over the nonresident defendant); *Goldowsky v. Gareri*, No. 4:17-CV-2073-RBH-TER, 2018 WL 942278, at *3 (D.S.C. Jan. 29, 2018), *report and recommendation adopted*, No. 4:17-CV-02073-RBH, 2018 WL 936382 (D.S.C. Feb. 16, 2018) (refusing to exercise personal jurisdiction over defendant that was not a party to the action).

For these reasons, the claims against HFIC and HFSG must be dismissed with prejudice under Rule 12(b)(2).

### D. The Absence of a Contract Between the Non-Writing Defendants and Black Magic is Fatal to the Claims Against the Non-Writing Defendants.

Even if this Court could exercise jurisdiction over the Non-Writing Defendants (it cannot), the claims against the Non-Writing Defendants should be dismissed for failure to state a claim.

First, Plaintiff's undifferentiated allegations as the Non-Writing Defendants, by itself, fails to comply with Fed. R. Civ. P. 8(a) and requires dismissal. The Non-Writing Defendants are regularly dismissed where parties assert undifferentiated allegations against it. *See, e.g.*, *Mid-Valley Oral, Maxillofacial & Implant Surgery, P.C. v. Sentinel Ins. Co., Ltd*, No. 6:18-CV-01068-JR, 2018 WL 4658708, at *2 (D. Or. Aug. 27, 2018), *report and recommendation adopted sub nom.* No. 6:18-CV-01068-MK, 2018 WL 4658830 (D. Or. Sept. 27, 2018) (finding

---

[3] Plaintiff also alleges that it believed that its insurer's name was "The Hartford." *See* FAC ¶ 37. Plaintiff's subjective belief about the name of its insurance company has no effect on the issue of whether this Court has personal jurisdiction over HFSG and HFIC.

12

no substantive allegations as to HFSG where "the complaint confirms that the underlying contract was issued exclusively by Sentinel, and contains no specific allegations as to either Hartford Fire or Hartford Financial"); *Gauthier v. Twin City Fire Ins. Co.*, No. 2:14-CV-00693, 2015 WL 12030498, at *3 (W.D. Wash. July 15, 2015) (dismissing claims against HFSG where Plaintiffs' conflation of Twin City and HFSG makes "it impossible for the Court to determine what allegations are being made against one, the other, or both Defendants").

Second, both counts in the FAC—declaratory judgment and breach of contract—are premised on the existence of a contractual relationship between the Non-Writing Defendants and Black Magic. But the Non-Writing Defendants did not agree to insure Black Magic, Twin City did. The very first page of the Policy makes clear that the "Writing Company" is "Twin City Fire Insurance Company" and the declarations page likewise lists the insurer as "Twin City Fire Insurance Company." Ex. A at 1, 16 *see also id.* at 175, 190. The Policy nowhere even mentions HFIC or HFSG.

The Non-Writing Defendants cannot be held liable for breaching a contract to which they are not a party. *Murphy v. Jefferson Pilot Commc'ns Co*., 657 F. Supp. 2d 683, 693 (D.S.C. 2008) ("Only parties to a contract may be sued for a breach of contract cause of action."); *see also Winkler v. Hartford Fin. Servs. Grp.*, No. 2:10–cv– 02222–RLH–LRL, 2011 WL 1705559, at *2 (D. Nev. May 3, 2011) (dismissing claims against HFSG because it was not the insurer).

Plaintiff notes that the phrase "The Hartford," the Hartford logo, and other references to "Hartford" appears the in Policy and related documents. FAC ¶¶ 32-37. Plaintiff uses these references to assert that "Black Magic has a contractual relationship with HFIC and HFSG due to the Policy's myriad references to 'The Hartford' and correspondence with Black Magic regarding the Policy and the instant claim containing repeat references to 'The Hartford.'" FAC

¶ 89. What the FAC is conspicuously missing, however, is any allegation that "The Hartford" is the same entity as HFSG or HFIC, as opposed to simply being a trade name. Nor could it make such an allegation, as there is no such legal entity "The Hartford." Plaintiff also alleges that it thought that "The Hartford" was the name of its insurance company, (FAC ¶ 37), but Plaintiff's belief about the correct name of its insurance company is irrelevant to whether HFIC or HFSG is a party to the Policy. Plaintiff must state a claim against an actual legal entity who is a party to the contract, which in this case, is Twin City and only Twin City.

Courts have routinely dismissed breach of contract claims against the Non-Writing Defendants where, as here, it has no contractual relationship to the insured. *See e.g.*, *Chaichian v. Hartford Fin. Servs. Grp., Inc.*, No. 1:16-CV-01026, 2016 WL 4480038, at *2 (W.D. Ark. Aug. 3, 2016), *report and recommendation adopted*, No. 16-CV-1026, 2016 WL 4467910 (W.D. Ark. Aug. 23, 2016) ("Upon review of the contract in this matter, Plaintiff has not demonstrated a contractual relationship exists between her and Defendants Hartford Financial Services Group, Inc. . . .Without a contractual relationship, Plaintiff cannot demonstrate she is entitled to breach of contract damages or bad faith damages."); *LV Diagnostics, LLC v. Hartford Fin. Servs. Grp., Inc.*, No. 2:17-CV- 1371 JCM (PAL), 2018 WL 651327, at *2 (D. Nev. Jan. 31, 2018) ("Further, as defendant is not plaintiff's insurer and is not in privity with plaintiff, dismissal of plaintiff's claims against defendant is appropriate."); *NBL Flooring, Inc. v. Trumbull Ins. Co.*, No. CIV.A. 10-4398, 2014 WL 317880, at *3 (E.D. Pa. Jan. 28, 2014) (dismissing claims against HFSG where relevant policies were issued by subsidiary Trumbull Insurance Company); *see also Engel v. Hartford Ins. Co. of the Midwest*, No. 2:11-CV-01103-RCJ-PAL, 2012 WL 275200, at *2 (D. Nev. Jan. 31, 2012) (HFSG's alleged status as parent company of insurer not sufficient basis to state a claim against it).

The same is true with respect to Black Magic's declaratory judgment claim. *See* FAC ¶¶ 6-7; 28 U.S.C. §§ 2201 and 2202. Neither HFIC nor HFSG is a party to the Policy, and has no obligations under it. There is therefore nothing "to declare," and Black Magic fails to state a claim. *See, e.g. CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 55-56 (4th Cir. 2011) ("[The Declaratory Judgment Act] is remedial only and neither extends federal courts' jurisdiction nor creates any substantive rights."). Because Black Magic has failed to state a claim against the Non-Writing Defendants for breach of contract, it also cannot assert a freestanding declaratory judgment claim against them.

## V. **CONCLUSION**

For all of the foregoing reasons and others appearing on the record, the FAC should be dismissed in its entirety as to HFSG and HFIC.

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

/s/ Kevin A. Hall (Federal Bar No. 5375)
kevin.hall@wbd-us.com
M. Todd Carroll (Federal Bar No. 9742)
todd.carroll@wbd-us.com
1221 Main Street, Suite 1600
Columbia, SC 29201
803.454.6504

Sarah D. Gordon
Frank Winston
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-8005
Email: sgordon@steptoe.com
*Pro Hac Vice Application Forthcoming*

*Attorneys for Defendants*

July 14, 2020